United States District Court
Southern District of Texas
**ENTERED**
February 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEXANDER MOSKOVITS, § § § *Plaintiff,* § § v. § § MERCEDES-BENZ FINANCIAL § SERVICES USA, LLC AND § AUTOMOTIVE RECOVERY § SERVICES, INC. d/b/a ADESA, § § *Defendants*. § | No. 4:21-cv-2260 |

# **ORDER**

Pending before the Court is Plaintiff Alexander Moskovits' (the "Plaintiff") motion seeking to disqualify Magistrate Judge Dena Palermo (this "Court"). Pl.'s Mot. to Disqualify, ECF No. 42.[1] After reviewing the briefing, record, and

---

[1] Both Plaintiff and counsel for Defendants misidentify Judge Palermo in their various filings as *Magistrate*. *See, e.g.,* ECF No. 42 at 1; Def.s' Resp., ECF No. 43 at 2 n.3. The title magistrate no longer exists in federal courts, having been changed from *magistrate* to *magistrate judge* in *1990*. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. 101-650, §321 (1990) ("After the enactment of the Act, each United States magistrate . . . shall be known as a United States magistrate judge.") It is an important distinction that the parties failed to recognize. *See United States v. Higby*, No. 4:15CR0142 JAJ, 2015 WL 13914071 (S.D. Ia. Dec. 2, 2015). Thus, the word *magistrate* is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the *type* of judge to which one is referring. It is the equivalent of calling a district judge *district*, a bankruptcy judge *bankruptcy,* or a circuit judge *circuit*. Although the official title is United States Magistrate Judge, the proper way to refer to a magistrate judge orally or in writing is *Judge*. Plaintiff and counsel are reminded to use the correct title in the future when referring to Judge Palermo or any magistrate judge.

applicable law, this Court finds the motion is without merit.[2]

## I. BACKGROUND

In this lawsuit, *pro se* Plaintiff alleges that Defendants Mercedes-Benz Financial Services USA LLC and Automotive Recovery Services, Inc. (d/b/a/ ADESA) wrongfully auctioned his 2017 Mercedes Benz CLA250 vehicle without giving him prior notice of the sale. ECF No. 1 at ¶ 1. Plaintiff brings claims for violations of the Texas Deceptive Trade Practices Act, the Texas Debt Collection Practices Act, conversion, and civil theft. *Id*. At ¶¶ 23-42. Judge Keith Ellison, the district judge before whom this case is pending, referred the case to this Court for all pretrial purposes. Order, ECF No. 31.

Shortly after referral, this Court held a status conference. During the hearing, the Court inquired into the factual basis supporting Plaintiff's claims, the pending motions, and indicated that discovery would be stayed until it ruled on three pending dispositive motions. This ruling was then documented in a minute entry order. Order, ECF No. 40. During the hearing, neither party objected to a stay of discovery. Dissatisfied with the stay of discovery *after* the hearing, however, Plaintiff filed an objection to the order, arguing that this Court exceeded its statutory powers in ordering the stay. ECF No. 41. Judge Ellison found this Court had not exceeded its statutory authority in staying discovery while the dispositive motions were under

---

[2] Defendants filed a response in opposition to Plaintiff's motion. Defs.' Resp., ECF No. 43.

consideration and denied Plaintiff's objection. ECF No. 48. With his objection, Plaintiff also filed this motion to disqualify, arguing that the Court's stay evidenced its bias against Plaintiff. ECF No. 42.

## II.   LEGAL STANDARD FOR RECUSAL

Two federal statutes govern recusal of federal judges for bias: 28 U.S.C. §§ 144 and 455. *United States v. Brocato*, 4 F.4th 296, 301–02 (5th Cir. 2021); *United States v. Scroggins*, 485 F.3d 824, 829 & n.19 (5th Cir. 2007). Section 144 requires recusal when a judge "has a personal bias or prejudice" against or in favor of a party. A party asserting that a judge is biased is required to support the motion to recuse with a sufficient affidavit, stating the facts and the reasons for the belief that bias or prejudice exists. 28 U.S.C. § 144.

Section 455(a) is broader than § 144, requiring any federal judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). In applying the statute, a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995).

This is a high standard to meet, as judicial rulings alone almost never constitute clear evidence of bias or partiality. *See United States v. Grinnell Corp.*,

384 U.S. 563, 583 (1966); *accord Brocato*, 4 F.4th at 301–02 ("not all favorable or unfavorable opinions can be described as bias or partiality within the meaning of §§ 144 and 455"). Instead, bias "connote[s] a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess ... or because it is excessive in degree." *Brocato*, 4 F.4th at 301–02 (citing *Liteky*, 510 U.S. at 550; and *id.* at 552 (regarding the concept of "partiality")). Under either statute, a judge's adverse rulings or comments will support a claim of bias "if they reveal such a high degree of antagonism as to make fair judgment impossible." *Scroggins*, 485 F.3d at 830 (citing *Liteky*, 510 U.S. at 555). As the Supreme Court explained, challenges to a judge's "ordinary efforts at courtroom administration"— including "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses"— are typically insufficient to require a judge to recuse. *Liteky*, 510 U.S. at 556.

### III. ANALYSIS

The standard for recusal has not been met. Plaintiff did not file any supporting affidavit, therefore, § 144 is not implicated. Instead, the Court considers the motion under the broader statute, § 455. In his motion, Plaintiff questioned this Court's impartiality based on the stay of discovery until this Court rules on three pending

dispositive motions. ECF No. 42. According to Plaintiff, this stay of discovery demonstrates prejudice requiring recusal. *Id.* Plaintiff's argument is without merit.

As Judge Ellison explained in his Order denying Plaintiff's objection to the minute entry order, 28 U.S.C. § 636(b)(1) authorizes magistrate judges to determine preliminary matters and "any other duties not inconsistent with the Constitution and the laws of the United States." Order, ECF No. 48. Judge Ellison referred pretrial administration of the case to this Court according to that statutory provision. Order, ECF No. 31. In overruling Plaintiff's objection, Judge Elision determined that this delegation unequivocally allows this Court to stay discovery while ruling on pending motions. ECF No. 48.; *see, e.g., Davis v. United States Army Reserve Through 321st Sustainment Brigade*, No. 19-305-BAJ-EWD, 2019 WL 5777387, at *1 (M.D.La. Nov. 5, 2019) (magistrate judge stayed discovery pending ruling on defendant's motion to dismiss).

Judges inevitably form opinions regarding the merits of a case throughout the course of handling pretrial matters, but those opinions and resulting actions offer no immediate basis for recusal. *Liteky* 510 U.S. at 550. Judges must recuse themselves only when their judicial bias displays "deep seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. The stay of discovery while dispositive motions are decided merely reflects the "ordinary efforts at courtroom administration," *Liteky*, 510 U.S. at 556, and does not reveal such bias or a lack of

impartiality, *e.g., Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *2 (11th Cir. July 30, 2021).

The Court's order staying discovery reflects case management and has not unfairly prejudiced Plaintiff, either in fact or in appearance. Nor has this Court displayed any bias for or against Plaintiff in staying discovery. The order demonstrated no favoritism or antagonism for any party. Order, ECF No. 40. In the two-paragraph order, this Court summarized the case status and directed the parties to refrain from discovery and to engage in settlement negotiations. *Id*. Nothing about the order or the proceedings during the status conference demonstrate bias, real or perceived. Nor does anything else in the record create "significant doubt" about this Court's impartiality. *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Finding no basis for recusal, the motion is **DENIED**.

**IT IS SO ORDERED**.

Signed on February 2, 2022, at Houston, Texas.

_____
Dena Hanovice Palermo
United States Magistrate Judge