United States District Court
Southern District of Texas
**ENTERED**
July 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ALEXANDER MOSKOVITS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 4:21-cv-2260 |
| MERCEDES-BENZ FINANCIAL SERVICES USA, LLC, *et al.,* | § § § | |
| *Defendants.* | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION & ORDER

This case arises out of the repossession and auction of a car. Pending before the Court[1] is Defendants Mercedes Benz Financial Services USA, LLC's ("Mercedes"); ADESA Texas Inc. d/b/a ADESA Houston's ("ADESA"); and Defendant Automotive Recovery Services, Inc.'s ("ARS") motions to dismiss *pro se* Plaintiff Alexander Moskovits' ("Moskovits") Am. Complaint, ECF No. 23. Defs.' Mots. to Dismiss, ECF Nos. 25, 37.[2] Plaintiff has also separately moved for

---

[1] The district judge before whom this case is pending referred it for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 31. Defendants' motions to dismiss and Plaintiff's motion for summary judgment are appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] Plaintiff filed two responses in opposition to Defendants' motions to dismiss. Pl.'s Resp., ECF Nos. 33, 38. Defendants Mercedes and ADESA filed a reply to Plaintiff's first response. Defs.'

1

summary judgment, Pl.'s Mots. for Summary Judgment, ECF Nos. 24, 53, and to compel discovery. Pl.'s Mot. to Compel Discovery, ECF No. 60. Based on a review of the record and applicable law, the Court recommends that Defendants' motions to dismiss be granted and Plaintiff's motions for summary judgment be denied as moot.

## I.   BACKGROUND

In considering a motion to dismiss, the Court takes the Plaintiff's well pleaded facts as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). On January 13, 2017, Plaintiff purchased a new 2017 Mercedes Benz CLA250 (the "car"). Am. Compl. ¶ 12, ECF No. 23 at 5. To finance the cost of the car, Plaintiff entered a Retail Installment Sales Contract (the "contract") with Mercedes, agreeing to make monthly payments for the car through automatic bank debits. *Id.* ¶ 13, ECF No. 23 at 5–6; Contract, ECF No. 23 at 25–30. The contract provided that if Plaintiff defaulted on the payments, Mercedes "may take (repossess) the vehicle . . . ." Contract ⁋ 3(d), ECF No. 23 at 28. The contract also prohibited Plaintiff from "remov[ing] the vehicle from the U.S. or Canada . . . without Mercedes' written permission." *Id.* ⁋ 2(b), ECF No. 23 at 28.

Plaintiff subsequently drove the car to Mexico, where it was damaged.

_____

Reply, ECF No. 35.

Am. Compl. ¶ 14, ECF No. 23 at 6. Plaintiff brought the car to a Mercedes Benz body shop in Vera Cruz, Mexico (the "Body Shop") for repairs, where he pre-paid for new parts and body repairs through a wire transfer from the New York Law Office of Eliza Stahl (the "NY Firm"). *Id.* ¶ 15, ECF No. 23 at 6; Int'l Money Transfer Receipt, ECF No. 23 at 19–20. However, upon inspection of the car, the Body Shop increased its quoted price for the repairs. Am. Compl. ¶ 16, ECF No. 23 at 6. Plaintiff agreed to pay the increased price, but only "upon timely return of his vehicle to the United States on a flatbed tow truck." *Id.* Plaintiff contends that the car was not timely repaired and that the Body Shop "refused to arrange for the return of the vehicle to Texas by flatbed tow truck." *Id.* ¶ 17, ECF No. 23 at 6.

In November 2018, Plaintiff stopped making payments to Mercedes because Mercedes also refused to tow the car from Mexico to Texas. *Id.* ¶ 19, ECF No. 23 at 7. In July 2019, Mercedes repossessed the car and transported it to Texas through the United States-Mexico border. *Id.* ¶ 20, ECF No. 23 at 7. Plaintiff alleges that he did not receive prior notice of the sale of his car at auction. *Id.*

Mercedes claims it mailed notice of the auction to Plaintiff at the address of attorney Stephen H. Rosen in Coral Gables, Florida (the "Florida Firm"). Notice After Repossession (the "Notice"), ECF No. 25-1.[3] After the sale of the car at

---

[3] Defendants Mercedes and ADESA argue that the Court may consider the Notice attached to their motion to dismiss, ECF No. 25-1, because all of Plaintiff's claims rely on the allegation that Mercedes failed to send proper notice prior to the auction of the car. ECF No. 25 at n. 13; ECF

auction, Mercedes charged Plaintiff the amounts paid to the Body Shop for repair, storage, repossession fees, and costs to transport the car from Mexico to Texas. *Id.* Plaintiff claims that, in June 2021, he learned for the first time that the car had been repossessed and auctioned. Am. Compl. ¶ 20, ECF No. 23 at 7.

Plaintiff filed suit in federal court against Defendants Mercedes and ARS, alleging violations of the Texas Deceptive Trade Practices Act ("DTPA")[4], Texas Debt Collection Practices Act ("DCPA")[5], conversion, and civil theft. Verified Compl., ECF No. 1. Defendants Mercedes and ADESA filed a motion to dismiss, arguing in part that Plaintiff named the wrong party to his case because ARS is not an affiliate of ADESA and ADESA auctioned the car, not ARS. Defs.' Mot. to Dismiss ¶¶ 4, 12, ECF No. 10 at 4. Plaintiff moved to amend his complaint, and the motion to dismiss was moot. Order, ECF No. 22. Plaintiff's amended complaint

---

No. 35 at 3–4. The Fifth Circuit has recognized "one limited exception" to the rule that when considering a motion to dismiss a court is generally limited in its review to the "four corners of the complaint." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Under this exception, a court may incorporate a document attached to a motion to dismiss into the pleadings if: (1) the document is attached to a defendant's motion to dismiss; (2) the document is referred to in the plaintiff's complaint; and (3) the document is central to the plaintiff's claims. *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 434 (S.D. Tex. 2016). A document is central to a plaintiff's claims when it is "necessary to establish an element of one of the plaintiff's claims." *Id.* (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)). Here, notice is central to Plaintiff's claims since all of Plaintiff's claims are based on the allegation that Mercedes did not properly notify Plaintiff of the auction. Thus, the Court may consider the Notice.

[4] TEX. BUS. & COM. CODE § 17.41 *et seq.*

[5] TEX. FIN. CODE § 392.001 *et seq.*

added ADESA and "Unknown State and Federal Agents" as Defendants. Plaintiff also asserted a new claim that Defendants violated 42 U.S.C. § 1983 and included a *Bivens* action against the unknown federal agents. ECF No. 23.

Defendants Mercedes and ADESA now move to dismiss Plaintiff's amended complaint pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6), asserting that Plaintiff has failed to state a valid claim for relief and failed to serve ADESA with a proper summons.[6] ECF No. 25 at 6–23. Defendant ARS moves to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6), asserting that Defendant ADESA admitted to having auctioned the car and that there are no remaining allegations in the amended complaint that pertain to ARS. ECF No. 37 at 3–4.

## II.   LEGAL STANDARD FOR DISMISSAL

### A. Rule 12(b)(4) and (5) Motion to Dismiss for Insufficient Process or Service.

Rule 12(b) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "insufficient process" and "insufficient service." FED. R. CIV. P. 12(b)(4), (5). "Generally speaking, [a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule

---

[6] Plaintiff's amended complaint includes a claim for civil theft. *See* Texas Theft Liability Act ("TTLA"), TEX. CIV. PRAC. & REM. CODE §§ 134.003(a), 134.005, which provides a right of action for violations of the theft provisions of the Texas Penal Code. Because Plaintiff has voluntarily dismissed his claim under the TTLA, ECF No. 53 at 2 n.1, Defendants' motion as to Plaintiff's civil theft claim is moot.

12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (quoting 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 13537 (3d ed. 2017)).

A summons must include the correct names of the parties and be directed to the defendants. FED. R. CIV. P. 4(a)(1)(A)–(B). A plaintiff is required to serve the summons and a copy of the complaint upon all defendants. FED. R. CIV. P. 4(c)(1). Once a defendant has contested the validity of service of process, a plaintiff bears the burden to prove that service was valid. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Without either proper service of process or waiver of that service, a federal court cannot exercise personal jurisdiction over the defendant. *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

**B.  Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint which "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Shaikh v. Texas A&M Univ. Coll. of Med.*, 739 F. App'x 215, 218 (5th Cir. 2018) (quoting *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013)).

The court must accept as true all well-pleaded facts contained in the complaint and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[T]he burden is on the moving party to prove that no legally cognizable claim for relief exists." *Boltex Mfg. Co., LP v. Galperti, Inc.*, No. H-17-1439, 2018 WL 1535199, at *1 (S.D. Tex. Mar. 29, 2018) (quoting 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1357 (3d ed. 2017)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "It follows that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). Similarly, when the allegations taken as true negate an essential element of the plaintiff's claim, the plaintiff fails to state a claim for relief that is plausible on its face. *Ray v. Ronnie Moore Trucking*, DR-12-CV-17-AM-VRG, 2012 WL 13032960, at *7 (W.D. Tex. June 26, 2012).

## III.   DEFENDANTS' MOTIONS TO DISMISS SHOULD BE GRANTED.

Defendants argue that they repossessed the car under the terms of the contract

and satisfied their legal obligation to notify Plaintiff before the auction. Plaintiff has countered that notification was sent to the wrong address for him. Although notification is an issue, the Court agrees with Defendants that Plaintiff has failed to state a claim for relief.

### A. Plaintiff Has Not Stated a Claim for Relief Against Mercedes and ADESA.

Defendants Mercedes and ADESA argue that Plaintiff's claims should be dismissed under Rule 12(b)(6) because Defendants properly repossessed the car pursuant to the terms of the contract, did so without the utilization of law enforcement, and auctioned the car after notice to Plaintiff at the address of the law firm he provided. ECF No. 25 at 7–23. Plaintiff contends that he has stated a claim for relief because law enforcement assisted the repossession of the car, processing it at the United States-Mexico border and storing it in police custody in Laredo, Texas, Mercedes sent notice to an invalid mailing address, and Mercedes failed to send the notice to Plaintiff's email address or to the NY Firm. ECF No. 33 at 6–17.[7]

### 1. *Plaintiff failed to state a claim under the Texas Deceptive Trade*

---

[7] In support of his argument, Plaintiff attaches his affidavit to his Response. ECF No. 33 at 19–21. Defendants Mercedes and ADESA move to strike this affidavit, arguing that the affidavit provides statements outside of those within the amended complaint, which the Court may not consider on a Rule 12(b)(6) motion. Defs.' Mot., ECF No. 36. Plaintiff counters that the statements in the affidavit are consistent with information contained in Exhibits A and C to his amended complaint. Pl.'s Resp., ECF No. 39. Since there are sufficient facts pled in the complaint for the Court to consider the viability of Plaintiff's claims on a motion to dismiss, Defendants' motion to strike Plaintiff's affidavit, ECF No. 36, is denied as moot, because the Court does not need to rely on the affidavit.

*Practices Act.*

Defendants maintain that Plaintiff has failed to state a claim under the DTPA because there are no facts asserted in the amended complaint that could be construed as unconscionable actions and that the claim is instead an allegation of breach of contract. ECF No. 25 at 10–13. Plaintiff responds that the unconscionable actions arise from the assistance of law enforcement in the repossession of the car in processing the car at the United States-Mexico border and storing the car in Laredo, and the failure to give notice of the auction sale. ECF No. 33 at 9–11. Plaintiff alleges that these unconscionable actions are not contractual in nature, but rather are violations of due process. *Id.* at 10.

The DTPA creates a cause of action for consumers based "(1) on the use or employment of a false, misleading, or deceptive act or practice that is included in the 'laundry list' of violations under section 17.46(b), (2) the breach of any express or implied warranty, and (3) an unconscionable action or course of action." *Int'l Med. Ctr. Enters., Inc. v. ScoNet, Inc.*, No. 01-16-00357-CV, 2017 WL 4820347, at *7 (Tex. App.— Houston [1st Dist.] Oct. 26, 2017, no pet.). "A DTPA claim requires that (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, breached an express or implied warranty, or engaged in an unconscionable course of action, and, (3) that these actions were the cause of the consumer's damages." *Yee CitiMortgage, Inc.*, No. EP-12-CV-290-KC, 2013 WL

12116345, at *3 (W.D. Tex. March 11, 2013).

### a. *Plaintiff fails to allege unconscionable conduct.*

Here, Plaintiff alleges that Defendants engaged in unconscionable actions or course of conduct in violation of the DPTA. Am. Compl. ¶¶ 31–42, ECF No. 23 at 10–12. The DTPA defines an unconscionable action as one which "takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree" and to the consumer's detriment. *Id.* § 17.45(5). To prove an unconscionable action or course of action, a plaintiff must show that (1) the defendant took advantage of his lack of knowledge, and (2) "the resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated." *Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001) (quoting *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 677 (Tex. 1998)).

Viewing the facts in the amended complaint in the light most favorable to Plaintiff, Plaintiff has failed to state a claim under the DTPA. Plaintiff does not allege any facts to support his contention that Defendants engaged in unconscionable action or that "the resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated." *Bradford*, 48 S.W.3d at 760; *see Strauss v. Ford Motor Co.*, 439 F. Supp. 2d 680, 687 (N.D. Tex. 2006) ("It is not enough to allege that a defendant 'simply . . . took unfair advantage' of the consumer.") (quoting *Chastain v. Koonce*, 700 S.W.2d 579, 584 (Tex. 1985)). Rather, the Defendants acted, as pled in the

amended complaint, under the terms of the contract and the law. *Cf. Sweet v. Wachovia Bank & Trust Co., N.A.*, No. Civ.A. 303-CV-1212-R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004) (noting that if a bank had the right to commence foreclosure proceedings, then there can be no claim under the DTPA) (citing *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 333 (Tex. 1983)).

There is no dispute that Plaintiff defaulted under the loan. Plaintiff admits that he stopped making payments to Mercedes. Am. Compl. ¶ 19, ECF No. 25 at 7. He justifies his decision as "rational" given Mercedes' failure to provide towing assistance. Am. Compl. ¶ 38, ECF No. 25 at 11. However, Plaintiff points to no contractual or legal basis for his demand that Mercedes, his finance company, provide towing assistance for a car that he drove out of the country in violation of his finance agreement, got into an accident, and then left at a body shop.

In contrast, after more than six months of Plaintiff's default on his car loan, as the lienholder, Mercedes was entitled to repossess the car under both the contract and the Texas Business and Commerce Code. *See* Contract ⁋ 3(b), ECF No. 23 at 28 ("If you break your promises (default), we may demand that you pay all you owe on this contract at once."); Contract ⁋ 3(d), ECF No. 23 at 28 ("If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it."); TEX. BUS. & COM. CODE § 9.609(a)(1) (a secured party may take possession of the collateral after default without judicial process if done without breach of the peace).

Mercedes was also entitled under the contract to charge Plaintiff for the amount Mercedes paid in repairs and other repossession costs. *See* Contract ℙ 2(b), ECF No. 23 at 28 ("If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it."); Contract ℙ 3(f), ECF No. 23 at 28 ("We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it.").

Defendants assert that they repossessed the car without judicial process and without breach of the peace, as provided under the Uniform Commercial Code. ECF No. 25 at 14-15. Plaintiff pleads that federal border officers and the Laredo Police Department were involved in the repossession, processing the car across the United States-Mexico border, and storing the car, requiring court intervention before the car could be repossessed. Am. Compl. ¶¶ 1–4, 10, 33–34, ECF No. 23 at 1–2, 4, 10. Assuming these law enforcement actions occurred as alleged, they happened at the border long *after* Mercedes had repossessed the car, which was located at the Body Shop in Vera Cruz, Mexico, hundreds of miles from the border. Such post-repossession involvement of law enforcement, which is not at, near, or incident to the seizure of the property, does not constitute a "breach of the peace" necessitating judicial process. *See Chapa v. Traciers & Assocs.*, 267 S.W.3d 386, 395 (Tex. App.—Houston [14th Dist.] 2008, no writ) ("Breach of the peace . . . refers to

conduct at or near and/or incident to seizure of property.") (quoting *Johnson v. Citizens & S. Nat'l Bank of S.C.*, 298 S.E.2d 213, 214 (S.C. 1982) (holding that speeding and other traffic violations were not a breach of the peace where they occurred a significant distance from where the car was repossessed)); *see also Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1232–34 (W.D. Va. 1990) (holding that there was no breach of the peace where an officer threatened to arrest the borrowers, but only after the car was repossessed). Thus, Plaintiff has not plead an unconscionable course of conduct to support a DPTA claim.

### b. Defendants have not established proper notice, but notice is not the cause of Plaintiff's damages.

Defendants claim they satisfied their pre-auction notice obligations under the contract and Texas Business and Commerce Code when they sent notice to Plaintiff through the Florida Firm. *See* Notice, Ex. A, ECF No. 25-1. Notice requirements are satisfied when notice is sent to the party's last known address. *Fed. Credit Inc. v. Hartmann*, No. H-09-997, 2010 WL 4918980, at *6 (S.D. Tex. Nov. 24, 2010).

The contract required notice prior to the sale of the car. Contract ¶ 3(f), ECF No. 23 at 28 ("We will send you a written notice of sale before selling the car."); *see* TEX. BUS. & COM. CODE § 9.611–14 (notification requirements before disposition of collateral). The contract, however, does not contain any notice paragraph directing where notices should be sent. The contract itself gives an address for Plaintiff's apparent former residence in Florida. ECF No. 23 at 24. Mercedes claims that it sent

13

notice to the Florida Firm, the address Plaintiff provided to it, but the complaint contains no such allegation, and the evidence attached to the complaint and the motion to dismiss fail to establish this fact. Mercedes attached its Notice as proof, ECF No. 25-1, but this merely establishes where Mercedes sent the Notice, not that Plaintiff instructed Mercedes to use that address or that it was his last known address.

Defendants rely on the fact that Plaintiff does not plead that Mercedes failed to send notice at all, but rather, that notice should have been sent to his email address or the NY Firm. ECF No. 25 at 7; *see, e.g.,* Am. Compl. ¶ 1, 13, 20, 34, 51, 55, ECF No. 23 at 1, 5, 7, 10, 13, 14. Defendants further argue that applicable law requires only that reasonable notification be sent, not that the notification be received. *Fin. Fed. Credit Inc. v. Dinardo*, No. Civ.A. H-05-00313, 2006 WL 734391, at *4 (S.D. Tex. Mar. 22, 2006); TEX. BUS. & COM. CODE § 1.201(36) (definition of "send"). "To send a reasonable notice, the notification [need] only be deposited in the mail with postage prepaid and properly addressed." *Hartmann*, 2010 WL 4918980, at *6 (quoting *Gen. Motors Acceptance Corp. v. Stoval*, 872 N.E.2d 91, 100 (Ill. App. [1st Dist.] 2007)).

While Defendants are correct about the law, the law requires that the notice be properly addressed, meaning sent to the party's last known address. *Id.* The amended complaint does not support their contention that notice was sent to an address Plaintiff provided or was therefore properly addressed. The complaint

alleges that Plaintiff provided Mercedes his email for the purposes of notification. Am. Comp., ECF 23 at 5. Because the contract is silent as to where notice should be sent, the Court cannot conclude that notice was sent to the address that Plaintiff provided to Mercedes for notifications under the contract.[8]

Although Defendants have not shown proper notice, Plaintiff cannot establish that the lack of notice was the producing cause of his damages. Plaintiff's default on his loan, not lack of notice of the sale, was the producing cause of the repossession and sale of his car. *See Perri v. Wells Fargo Bank, N.A.*, No. H-11-4018, 2013 WL 12137778, at *10 (S.D. Tex. Jan. 17, 2013) (holding that where plaintiffs defaulted on a home loan it cannot be said that the alleged notice deficiencies were the producing cause of the foreclosure and thus do not violate the DTPA). Thus, Plaintiff's allegations do not show a violation of the DTPA. *Id.*

Instead, his allegations amount to nothing more than a breach of contract, not an unconscionable act under the DTPA. A mere breach of contract, in this case—failure to provide pre-sale notice—does not amount to unconscionable conduct

---

[8] Plaintiff also pleads in the amended complaint that the Body Shop had the contact information for the NY Firm because of the wire transfer used to pre-pay for the repairs to the car. Am. Compl. ¶¶ 2, 15, 34, 51, 55, ECF No. 23 at 2, 6, 10, 13, 14. Taking this fact as true, this fact alone is insufficient to establish that Mercedes had knowledge of the NY Firm and should have contacted the NY Firm instead of the Florida Firm. Plaintiff does not plead that the Body Shop relayed the NY Firm's contact information to Mercedes, or that a principal-agent relationship existed between Mercedes and the Body Shop such that the Court could impute knowledge of the NY Firm from the Body Shop to Mercedes. *See S. Farm Bureau Cas. Ins. Co. v. Allen*, 388 F.2d 126, 131 n.6 (5th Cir. 1967) (noting that the general rule which imputes an agent's knowledge to the principal does not apply where the third party knows there is no foundation for the ordinary presumption).

under the DTPA. *See Rocky Mountain Helicopters, Inc. v. Lubbock Cnty. Hosp. Dist.*, 987 S.W.2d 50, 53 (Tex. 1998) (noting that "we have repeatedly held that a mere breach of contract, without more, is not a DTPA violation"); *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996) (collecting cases finding that allegations of a mere breach of contract, without more, does not constitute false, misleading, or deceptive acts under the DTPA).

Therefore, the Plaintiff's DTPA claim should be dismissed.

### 2. *Plaintiff failed to allege a claim under the Texas Debt Collection Practices Act.*

Defendants contend that Plaintiff has failed to state a claim under the DCPA because Mercedes exercised its contractual right to repossess, it was entitled to recover storage, repossession, and transportation fees, and it was entitled to sell the car at auction. ECF No. 25 at 18–21. Plaintiff argues that he has sufficiently plead that Defendants used deceptive means to collect a debt by utilizing the assistance of law enforcement to repossess the car without judicial process and auctioning the car without prior notice. ECF No. 33 at 14–16.

The DCPA prohibits debt collectors from "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." TEX. FIN. CODE § 392.303(a)(2). The DCPA further prohibits debt collectors from "using any other

16

false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Id.* at § 392.304(a)(19); *see Brinkley v. PennyMac Loan Servs., LLC*, No. 3:18-cv-383-G-BN, 2018 WL 6004309, at *9 (N.D. Tex. Oct. 22, 2018) ("Section 392.304(a)(19) is a catch-all provision that addresses all false representations or deceptive means that a party might employ in collecting a debt."). The Fifth Circuit has held that "[t]o violate the [DCPA] using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (quoting *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013)).

In the amended complaint, Plaintiff alleges that Defendants used "unconscionable means" in violation of Section 392.303(a)(2) by collecting storage, repossession, and transportation fees, which were "charges incidental to the obligation or not legally chargeable." Am. Compl. ¶ 45, ECF No. 23 at 12. Plaintiff also alleges that Defendants used "unconscionable and/or deceptive means to collect a debt" in violation of Section 392.304(a)(19) by repossessing and auctioning the car without judicial process and prior notice. *Id.* ¶ 46, ECF No. 23 at 13.

Plaintiff has failed to state a claim under either subsection of the DCPA. Similar to the DTPA, under the DCPA, Mercedes—the lienholder—was entitled to repossess the car under both the contract and applicable law after Plaintiff stopped

making payments on his car loan. The DCPA provides that a debt collector is not prevented from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). The involvement of law enforcement in processing the car at the United States-Mexico border and storing the car in Laredo do not amount to a "breach of the peace" that would have necessitated judicial process to Plaintiff. *See supra* § III.A.1.

Moreover, although Defendants have not shown proper notice, alleging a failure to give proper notice without the identification of an affirmative statement a defendant made to deceive the plaintiff does not constitute a violation of subsection 392.304(a)(19) of the DCPA. *See Cantu v. Freedom Mortg. Corp.*, No. 3:19-cv-01701-B, 2021 WL 356840, at *6 (N.D. Tex. Jan. 4, 2021) (finding plaintiff failed to state a claim under § 392.304(a)(19) where he alleged that defendant failed to give notice of default but did not identify any affirmative statement defendant made to deceive him); *Kennedy v. HSBC Mortg. Servs., Inc.*, No. SA-14-CA-1083-FB, 2015 WL 12734178, at *5 (W.D. Tex. Jan. 30, 2015) ("The failure to provide proper notice of foreclosure is not a 'representation' for which liability can be found under TEX. FIN. CODE § 392.304(a)(19)."). Thus, Plaintiff has failed to state a valid claim for violation of subsection 392.304(a)(19).

In addition, upon Plaintiff's default, Mercedes was entitled under the express

contract terms to recover from Plaintiff the amounts it paid in repairs, storage, repossession, and transportation on the car. Plaintiff pled that he drove the car to Mexico, where it was damaged. Am. Compl. ¶ 14, ECF No. 23 at 6. The contract prohibited Plaintiff from driving the car out of the country without Mercedes' written consent. Contract § 2(b), ECF No. 23 at 28. Plaintiff does not plead that he obtained Mercedes' permission in writing. Am. Compl. ¶ 14, ECF No. 23 at 6.  Plaintiff also pled that he left Mexico without paying the full amount for the repairs. *Id.* ¶ 17, ECF No. 23 at 6. He does not plead that he had a contractual right for Mercedes to tow his car to Texas, nor does the contract provide any such term. To the contrary, he pleads that Mercedes did not agree to tow the car back to the United States on Plaintiff's behalf. *Id.*  ¶¶ 19, 37, ECF No. 23 at 7, 11. He then pleads that Mercedes shipped the car to the United States for auction after repossessing it in Mexico. *Id.* ¶ 20, ECF No. 23 at 7.

In the contract, Plaintiff agreed to pay "any repair bills, storage bills, taxes, fines, or charges on the vehicle," Contract § 2(b), ECF No. 23 at 28, as well as "expenses [Mercedes] pay[s] as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it." Contract § 3(f), ECF No. 23 at 28. Plaintiff alleges that Mercedes violated subsection 392.303(a)(2) by using "unconscionable means by collecting charges incidental to the obligation or not legally chargeable [to Plaintiff.]" Am. Compl. ¶ 45, ECF No. 23 at 12 (citing TEX. FIN. CODE

§ 392.303(a)(2)); however, the remainder of the subsection states, ". . . unless the [charge] is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." TEX. FIN. CODE § 392.303(a)(2). The charges that Plaintiff disputes in the amended complaint were contemplated and expressly authorized in the contract. *See* Contract §§ 2(b), 3(f), ECF No. 23 at 28. Therefore, Plaintiff has failed to state a valid claim for violation of subsection 392.303(a)(2). *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831–32 (5th Cir. 2015) (finding that plaintiff failed to state a claim under § 392.303(a)(2) where she did not allege that the deed of trust and note did not authorize defendant to assess the challenged fees); *Adams v. U.S. Bank, N.A.*, No. 3:17-cv-723-B-BN, 2017 WL 10296307, at *10 (N.D. Tex. Dec. 4, 2017) (dismissing claim under § 392.303(a)(2) where plaintiff failed to plead what fees defendant charged her and why such a fee was unauthorized), *report and recommendation adopted*, 2018 WL 4621770 (N.D. Tex. Jan. 3, 2018).

Since Mercedes was permitted under the contract and applicable law to repossess and sell the car and charge Plaintiff for the costs it paid in repairs, storage, repossession, and transportation on the car, Plaintiff cannot allege a claim that Defendants violated the DCPA. Therefore, the Court recommends that Plaintiff's DCPA claim be dismissed.

### 3.  *42 U.S.C. § 1983*

Section 1983 grants a cause of action to a person deprived of "any rights,

privileges, or immunities secured by the Constitution and laws" of the United States against any person acting under color of state law. 42 U.S.C. § 1983. In his complaint, Plaintiff alleges the Defendants violated § 1983 when they conspired together, including Unknown State and Federal Agents acting under color of state law, to seize his car without a warrant, judicial process, and notice. Am. Compl. ¶ 24, ECF No. 23 at 8. Defendants assert that Plaintiff has failed to state a claim for violation of 42 U.S.C. § 1983 because Mercedes did not "utilize" law enforcement to repossess the car. ECF No. 25 at 13–17. Plaintiff counters in his response that state action was used to process the car at the border, state police officers seized the car in Laredo, Texas, and law enforcement assisted in an international repossession. ECF No. 33 at 12–13.

For Plaintiff to maintain his claim under 42 U.S.C. § 1983, Plaintiff must show (1) that Defendants have deprived him of a right secured by the Constitution and the laws of the United States, and (2) that this deprivation occurred while Defendants were acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). A person acts under color of state law if the individual is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

"For a repossession to constitute state action, a plaintiff must allege police intervention or aid that goes beyond merely keeping the peace." *Beamon v. McCall-SB, Inc.*, No. 18-cv-2118, Doc. No. 37, at 7 (S.D. Tex. June 19, 2019)

Construing the allegations in the light most favorable to Plaintiff, he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff alleged that he was deprived of rights, privileges, and immunities secured by the Fourth, Seventh, and Fourteenth Amendments of the United States Constitution when Defendants repossessed the car without "judicial process" and "due process notice." Am. Compl. ¶¶ 24–25, ECF No. 23 at 8. Additionally, Plaintiff alleges that "Unknown State and Federal Agents" acted in concert with Defendants to deprive him of those rights without due process of law. *Id.* In particular, Plaintiff alleges that "Unknown State and Federal Agents" assisted with the repossession by processing the car through the United States-Mexico border and storing the car in police custody in Laredo, Texas. *Id.* ¶¶ 1–4, 10, 33–34, ECF No. 23 at 1–2, 4, 10.

However, the alleged actions that serve as the basis for Plaintiff's § 1983 claim— that Defendants repossessed the car without "judicial process" and "due process notice"— were private conduct, not attributable to the State. The amended complaint contains no allegation that Mercedes utilized the assistance of law enforcement when repossessing the car at the body shop in Mexico. *Cf. Beamon*, No. 18-cv-2118, Doc. No. 37, at 11 ("The mere fact that the Officers were present and

responded to Plaintiff's disturbance of the peace does not convert Defendants' repossession into a state action.").

Rather, Mercedes, as a secured creditor, was entitled to engage in a self-help repossession and take possession of the car without judicial process, so long as it was done without the assistance of law enforcement or a "breach of the peace." TEX. BUS. & COM. CODE § 9.609. Instead of alleging state action at the time of the repossession, Plaintiff pleads the involvement of federal border officers in processing the car across the United States-Mexico border and the Laredo Police Department in seizing and storing the car. Am. Compl. ¶¶ 1–4, 10, 33–34, ECF No. 23 at 1–2, 4, 10. These activities, however, were done in furtherance of the officers' official duties, and not in concert with Defendants. Although Plaintiff pleads that the "Unknown State and Federal Agents" "conspired and/or aided and abetted" Defendants to deprive Plaintiff of his constitutional rights, *id.* ¶ 24, ECF No. 23 at 8, these allegations are conclusory statements, not supported by any factual allegations, that the Court may not consider on a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, Plaintiff does not plead that the "Unknown State and Federal Agents" had any knowledge of the alleged lack of judicial process prior to repossession or notice prior to the sale (which had not yet occurred). Rather, Plaintiff pleads that the federal border officers and Laredo police officers performed their

23

duties. Plaintiff has failed to allege police intervention or aid that went beyond merely keeping the peace. *Beamon*, No. 18-cv-2118, Doc. No. 37, at 7.  Likewise, "[a] state's 'mere acquiescence' does not convert private action into state action. Nor can private action be converted into state action 'by the simple device of characterizing the State's inaction as "authorization" and "encouragement."'" *Becnel v. City Stores Co.*, 675 F.2d 731, 732 (5th Cir. 1982) (quoting *Flagg Bros.*, 436 U.S. at 164–65).

"The Supreme Court has made it clear that state action will not be attributed to a private party unless the government actually compels the private action or unless it has vested in the private party the right to exercise a function that is an exclusive prerogative of sovereignty." *Nelson v. Cauley*, No. Civ.A.3:04-CV-0828-G, 2005 WL 415144, at *2 (N.D. Tex. Feb. 22, 2005). Since Plaintiff makes no allegation that the State compelled Defendants' alleged repossession of the car or provided significant encouragement of such actions, Defendants' actions cannot be attributable to the State, and Plaintiff failed to allege a claim for violation of 42 U.S.C. § 1983.[9] *Roberts v. La. Downs, Inc.*, 742 F.2d 221, 224 (5th Cir. 1984)

---

[9] Plaintiff cites to the phrase "whether or not the actions of the police were officially authorized, or lawful" in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), as support for his argument that "the involvement of a state official acting 'under color of state law' as a co-conspirator, or as an aider and abettor, in violating due process rights provides the required state action." ECF No. 33 at 12. However, this argument and citation are misplaced. The Supreme Court used Plaintiff's cited phrase in dicta to state that the involvement of a police officer in a conspiracy to deny petitioner service at a store or to cause her subsequent arrest because she was a white person in the company of black people provided the state action essential to her § 1983 claim, whether or not the actions

("The required connection is present when the state has compelled an action or 'provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982))).

Therefore, the Court recommends that Plaintiff's § 1983 claim be dismissed.

### 4. Conversion

Defendants contend that Plaintiff has failed to state a claim for conversion because Mercedes provided proper notice to Plaintiff prior to the sale of the car and Plaintiff's claim is barred by the economic loss rule. ECF No. 25 at 21–22. Plaintiff argues that his claim is not barred by the economic loss rule because he suffered constitutional injuries and thus his injuries are not limited to the economic loss of a contractual expectancy. ECF No. 33 at 16.

Conversion is defined under Texas law as the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights." *Waisath v. Lack's Stores*, 474 S.W.2d 444, 447 (Tex. 1971). For a claim of conversion, a plaintiff must prove four elements: (1) the plaintiff owned or had possession of the

---

of the police officer were officially authorized or lawful. 398 U.S. at 152. The Supreme Court found state action in *Adickes* because the store was compelled to deprive petitioner of her constitutional rights by state-enforced custom. 398 U.S. at 171. In the amended complaint, Plaintiff does not allege that Defendants were compelled by the State to deprive Plaintiff of his constitutional rights.

property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded the return of the property; and (4) the defendant refused to return the property. *Burns v. Rochon*, 190 S.W.3d 263, 267–68 (Tex. App.—Houston [1st Dist.] 2006, no writ). Regarding the lawful repossession of collateral, in the absence of a provision to the contrary, "a secured party is granted the right to take possession of the property securing an indebtedness upon default by the [debtor]." *Kirkman v. N. State Bank of Amarillo*, 476 S.W.2d 958, 959 (Tex. App.—Amarillo 1972, writ ref'd n.r.e.) (defining the rights of a secured party in the context of a mortgage).

Since Plaintiff admits that he stopped making payments to Mercedes, Plaintiff has failed to state a claim for conversion. Plaintiff admits that he stopped paying Mercedes after it refused to tow the car to Texas. Am. Compl. ¶ 19, ECF No. 25 at 7. Plaintiff cannot therefore satisfy the first element of a conversion claim, which requires that Plaintiff have superior title, because Plaintiff stopped paying on the contract and hence defaulted on the loan. *See Davis v. Toyota Motor Credit*, No. H-12-0287, 2013 WL 4786328, at *5–6 (S.D. Tex. Sept. 6, 2013) (holding that plaintiff failed to satisfy the first element of a conversion claim in the context of a repossession when it was undisputed that plaintiff defaulted on the loan). Although Plaintiff complains about the way the repossession occurred and to whom Mercedes

26

sent notice of the auction, Am. Compl. ¶ 51, ECF No. 25 at 13, Plaintiff does not plead that he had superior title to the car. Rather, since Plaintiff defaulted on the loan, Mercedes, as the secured party, had the right to take possession of the car, *see Kirkman*, 476 S.W.2d at 959; TEX. BUS. & COM. CODE § 9.609, and, with Mercedes's lawful repossession of the car, Mercedes had superior title as against Plaintiff.

The Court therefore recommends that Plaintiff's conversion claim be dismissed because Plaintiff has failed to allege the first element of his claim by showing that he had superior title to the car.

### B. Plaintiff Has Not Stated a Claim for Relief Against ARS.

Defendant ARS argues that all claims against it should be dismissed under Rule 12(b)(6) because Defendant ADESA has appeared in this litigation and admitted that it auctioned the car, and there are no remaining allegations against ARS. ECF No. 37 at 3–4. Plaintiff counters that the admission by ADESA that it was the auctioneer was not accompanied by a denial of involvement in the repossession by ARS. ECF No. 38 at 4. Plaintiff alleges that Mercedes informed Plaintiff that ARS was involved in the repossession. ECF No. 38 at 1–2.

Despite Plaintiff's argument that ARS may have still been involved in the repossession of the car, Plaintiff does not plead this in his amended complaint. Plaintiff pleads that Defendant ARS "reportedly auctioned the car as the agent of Defendant Mercedes without prior notice to the Plaintiff" and that "Counsel for

Mercedes claim . . . Defendant 'ADESA' auctioned the car as an agent of Mercedes."
Am. Compl. ¶¶ 9, 10, ECF No. 23 at 4. Plaintiff defines both ARS and ADESA in
his complaint as "ADESA" and cites to "ADESA" throughout his complaint when
referencing the auction of the car. *Id.* ¶¶ 9, 10, 20, 24, 29, 32, 39, 55, ECF No. 23 at
4, 7–11, 14.

Defendants informed Plaintiff that ADESA was the entity that auctioned the
car. Defs.' Mot. to Dismiss ¶ 12, ECF No. 10 at 4. This statement qualifies a judicial
admission. It is "a formal concession in the pleadings" of a fact "that has the effect
of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244
F.3d 474, 476 (5th Cir. 2001). "A judicial admission is conclusive, unless the court
allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be
controverted or explained by the party." *Id.* (quotation marks omitted).

The Court agrees with ARS that this case is analogous to *Mares v. Wood Grp.
Mustang, Inc.*, No. H-14-089, 2015 WL 75271 (S.D. Tex. Jan. 6, 2015). In *Mares*,
the plaintiff sued two defendants on the basis that they were both "the Plan
Administrator" of her employee benefits program, failed to provide proper notice,
and thereby violated the Employee Retirement Income Security Act. *Id.* at *1. One
defendant answered and admitted to being the Plan Administrator. *Id.* As a result,
the other defendant moved to dismiss. *Id.* The Court granted dismissal on the basis
that there could only be one "Plan Administrator" and the non-moving defendant

28

had judicially admitted to being that party. *Id.* at *2.

Similar to the facts in *Mares*, ADESA appeared and admitted that it auctioned the car. Although Plaintiff argues that his claim is different from the one in *Mares* because "the affiliated ADESAs . . . repossessed *and* auctioned the car," ECF No. 38 at 3, Plaintiff does not allege in the amended complaint that either ARS or ADESA were involved with the repossession. Because ADESA has judicially admitted that it, not ARS, auctioned the car, Plaintiff has not stated a claim against ARS, and ARS should be dismissed as a party to this case.

### C. ADESA Was Never Properly Served with the Amended Complaint.

Defendant ADESA argues that all claims against it should be dismissed under Rule 12(b)(4), Rule 12(b)(5), or both because Plaintiff failed to properly serve ADESA with the summons and amended complaint. ECF No. 25 at 6–7. ADESA alleges that, instead of the amended complaint, Plaintiff served ADESA with the original complaint, which does not name ADESA as a defendant. *Id.* at 6. Plaintiff concedes that he failed to serve ADESA with the amended complaint but argues that ADESA was not "prejudiced" by his error and "good cause" exists to excuse his failure to timely serve the amended complaint. ECF No. 33 at 7.

A Rule 12(b)(5) motion is the appropriate vehicle to challenge the sufficiency of service of process. FED. R. CIV. P. 12(b)(5). "A district court generally enjoys 'broad discretion to dismiss an action for ineffective service of process.'" *Jones v.*

29

*McClean*, No. 3:20-CV-00142, 2020 WL 6366455, at *1 (S.D. Tex. Oct. 9, 2020)

(quoting *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.

1994)). For service to be effective, a plaintiff must comply with the mandates of

Federal Rule of Civil Procedure 4. Because Plaintiff proceeds *pro se*, the rules for

effective service of process are more lenient. *See Holly v. Metro. Transit Auth.*, 213

F. App'x 343, 344 (5th Cir. 2007) (citing *Lindsey v. U.S. R.R. Retirement Bd.*, 101

F.3d 444, 446 (5th Cir. 1996)). However, "[a] litigant's pro se status neither excuses

his failure to effect service nor excuses him for lack of knowledge of the Rules of

Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

The fact that ADESA has appeared has little bearing on Plaintiff's obligations. "[A]

defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's

requirements." *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010).

Here, Plaintiff served ADESA with the wrong complaint. *See* Return of

Service of Summons, ECF No. 16 (Plaintiff served ADESA with the Verified

Complaint). Under Rule 4(c)(1), a plaintiff must serve a defendant with a summons

and a copy of the complaint. "Under this rule, '[t]he currently effective complaint

must accompany summons. If the original complaint has been superseded by an

Amended Complaint, service is ineffective if the original (rather than the amended)

complaint is served.'" *Hardaway v. Litton Loan Servicing, LP*, No. 3:17-CV-4-

DMB-RP, 2018 WL 4431333, at *2 (N.D. Miss. Sept. 17, 2018) (quoting *Morris v.*

*Barra*, No. 10-cv-2642, 2014 WL 29721, at *17 (S.D. Cal. Jan. 3, 2014)). By failing to serve the operative complaint on ADESA, Plaintiff failed to effect proper service of process.

Despite this failure, "[t]he Court rarely dismisses a case due to the failure to properly serve a defendant" and "[o]n occasions where the Court has granted dismissal for improper service, it was only after *multiple* chances were given." *Coleman v. Carrington Mortgage Servs., LLC*, No. 4:19-CV-00231-ALM-CAN, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020) (internal quotation marks omitted); *see also Bowling v. Childress-Herres*, No. 4:18-CV-610-ALM-CAN, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019) (providing plaintiff multiple opportunities to serve defendant), *report and recommendation adopted*, 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019). Granting Plaintiff an additional opportunity to effect service would be futile, however, because he is unable to state a claim against any Defendant. Accordingly, the Court should not grant Plaintiff an additional opportunity to serve ADESA. *See Daniels v. Jackson*, No. 3:20-cv-00842-M-BT, 2021 WL 4142398, at *7 (N.D. Tex. Aug. 26, 2021) (declining to grant plaintiff an additional opportunity to serve defendants when he failed to state a claim).

Therefore, the Court recommends that Defendant ADESA should be dismissed from this action for improper service.

### D. Plaintiff Failed to Serve "Unknown State and Federal Agents."

Plaintiff represented to the Court that he has not yet served the amended complaint on Defendants "Unknown State and Federal Agents." ECF No. 53 at 2 n.1. Under Rule 4(m), a plaintiff has 90 days from the date the complaint is filed to effect service. FED. R. CIV. P. 4(m). If a defendant is not timely served, "the court— on motion or its own motion after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Because the amended complaint, adding "Unknown State and Federal Agents" as defendants, was filed on November 8, 2021, the 90-day period for service on these Defendants expired on February 6, 2022. ECF No. 23.

Plaintiff's claims against "Unknown State and Federal Agents" are the same as those against the other Defendants, except for a *Bivens* action, which Plaintiff alleges only against "Unknown Federal Agents." *See id.* Yet, Plaintiff's *Bivens* action is premised on the same facts as the other claims. Plaintiff alleges in his *Bivens* action that "Unknown Federal Agents" violated his constitutional rights by "aid[ing] and abet[ing] the deprivation of rights committed by Defendant Mercedes in failing to provide judicial process or any notice of the seizure of the car utilizing the assistance of state and federal law enforcement and due notice of the auction of the car through ADESA in Houston, Texas on August 22, 2019." Am. Compl. ¶ 29, ECF No. 23 at 9. Since the Court has already determined that Plaintiff has failed to state

a claim that Defendants Mercedes and ADESA improperly repossessed and auctioned the car, Plaintiff has likewise failed to state a claim that "Unknown Federal Agents" aided and abetted Defendants Mercedes and ADESA in improperly repossessing and auctioning the car. *See Highland Crusader Offshore Partners LP v. Lifecare Holdings Inc.*, 377 F. App'x 422, 428 (5th Cir. 2010) (holding that a conspiracy to commit fraud claim is derivative of a fraud claim (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) ("Civil conspiracy, generally defined as a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means, might be called a derivative tort."))); *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681 (S.D. Tex. 2020) (dismissing claims for fraudulent inducement, breach of fiduciary duty, and DTPA premised on the same facts as insufficiently pled). Plaintiff has therefore failed to state any claim for relief against "Unknown State and Federal Agents."

Since granting Plaintiff additional time to serve Defendants "Unknown State and Federal Agents" would be futile, *see Daniels*, 2021 WL 4142398, at *7, the Court recommends that Defendants "Unknown State and Federal Agents" should be dismissed from this action for failing to timely effect service.

## IV.   PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT SHOULD BE DENIED AS MOOT.

Plaintiff has moved for summary judgment against the appearing Defendants based on their denial of minimal due process prior to the auction of the car by

utilizing law enforcement officers to repossess the car and failing to properly notice Plaintiff. ECF Nos. 24, 53. Plaintiff argues that it is undisputed that Defendants used federal law enforcement when bringing the car through the United States-Mexico border and that Mercedes mailed the Notice to an invalid, outdated address for the Florida Firm and had Plaintiff's email address for notice purposes, and thus he is entitled to judgment as a matter of law. ECF No. 24 at 2–3; ECF No. 53 at 2–3. Given this Court's recommendation that Defendants' motions to dismiss be granted, thereby dismissing Plaintiff's case in its entirely, the Court recommends that Plaintiff's motions for summary judgment be denied as moot. *See Beary v. Centene Corp.*, No. 20-9-JWD-SDJ, 2021 WL 3074198, at \*3 (M.D. La. July 2, 2021) (granting defendant's motion to dismiss and denying as moot plaintiff's motion for summary judgment).

## CONCLUSION

Accordingly, the Court **RECOMMENDS** that:

1. Defendants' motions to dismiss, ECF Nos. 25, 37, be **GRANTED**.

2. Plaintiff's cases against Defendants Mercedes and ADESA should be **DISMISSED WITH PREJUDICE**.

3. Plaintiff's cases against Defendants ARS and "Unknown State and Federal Agents" should be **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's motions for summary judgment, ECF Nos. 24, 53, and should be **DENIED** as **MOOT**.

In addition, the Court **ORDERS** as follows:

1. Defendants' motion to strike Plaintiff's affidavit, ECF No. 36, is **DENIED** as **MOOT**.

2. Plaintiff's motion to compel discovery, ECF No. 60, is **DENIED** as **MOOT**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 18, 2022, at Houston, Texas.

*Dena Palermo*
**Dena Hanovice Palermo
United States Magistrate Judge**